UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT & VICTORIA KIRGIN, h/w ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| GORDON & WEINBERG, P.C. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Robert & Victoria Kirgin, h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Robert & Victoria Kirgin, h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

## III. PARTIES

4. Plaintiffs, Robert & Victoria Kirgin, h/w, are adult natural persons residing at 3647 Friar Road, Philadelphia, PA 19154.

5. Defendant, Gordon & Weinberg, P.C. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with their principal place of business located at 1001 East Hector Street, Suite 220, Conshohocken, PA 19428.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about June 17, 2010, Plaintiffs received a voicemail on their home phone from an agent of the Defendant, "Sarah", who left a callback number and read Plaintiffs the Mini-Miranda warning.

8. On June 19, 2010, Plaintiffs received a second voicemail on their home phone from "Sarah", this time with a British accent, who again left the Defendant's callback number and read Plaintiffs the Mini-Miranda warning.

9. Both voicemails quoted reference number 2080289.

10. Plaintiff, Victoria Kirgin, placed a call to the Defendant on or around June 21, 2010 in an effort to learn why she was receiving phone calls from an agency she had no business with.

11. Plaintiff, Victoria Kirgin, spoke with a female agent of the Defendant who informed her the calls were regarding an alleged debt owed to HSBC and demanded immediate payment.

12. Plaintiff, Victoria Kirgin, calmly informed the agent she would have to look into the matter.

13. The agent then snapped, "What? You aren't going to pay this?"

14. On or about April 5, 2010 the Defendant filed a civil action against Plaintiff, Victoria Kirgin and Plaintiff, Robert Kirgin.

15. On or about June 3, 2010, Bruce K. Warren, Esq. notified Defendant that he would be representing Plaintiff, Robert Kirgin.

16. On June 16, 2010 at 1:00pm a hearing was scheduled for both matters against Plaintiffs.

17. Defendant arrived at the hearing with no documents and no witnesses.

18. On June 16, 2010, Bruce K. Warren, Esq. notified Defendant that he would be representing Plaintiff, Victoria Kirgin.

19. Both cases against Plaintiffs were dismissed.

20. After the hearing date and knowing Plaintiffs were represented the Defendant continually contacted Plaintiffs directly.

21. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24 At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

25. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d   Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§§ 1692e   Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(10)   Any false representation or deceiptive means to collect a debt or obtain information about a consumer

§§ 1692f   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Gordon & Weinberg, P.C. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

29.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

30.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

31.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

32.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

33.    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

34.    Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

35.    As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

36.    By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages;

    b.    Treble damages;

    c.    An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

37.    The foregoing paragraphs are incorporated herein by reference.

38.    Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

39.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

40.    The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  41. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

  42. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: July 21, 2010

BY: /s/ Bruce K. Warren BKW4066
Bruce K. Warren, Esquire

BY: /s/ Brent F. Vullings BFV8435
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff